IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ERNEST HOWARD,

      Petitioner

  VS.

HUGH SMITH, Warden,

      Respondent

NO. 5:05-CV-91(WDO)

PROCEEDING UNDER 28 U.S.C. §2254
BEFORE THE U.S. MAGISTRATE JUDGE

# RECOMMENDATION

Petitioner ERNEST HOWARD has filed a petition herein seeking federal habeas corpus relief. Tab #1. Respondent HUGH SMITH, Warden of Georgia State Prison, has filed a motion to dismiss this petition contending that it is untimely filed under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Tab #16. Petitioner HOWARD filed his response to the respondent's motion. Tabs #30 and #44.

Under the provisions of the AEDPA, 28 U.S.C. §2244(d) provides as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of–*

 *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

 *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*

 *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*

 *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

> *(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

Upon review of the positions of the petitioner and respondent herein, the undersigned finds the respondent's analysis of the application of the one-year limitations period to petitioner's case to be persuasive. The court agrees that petitioner's convictions became final several years before the 1996 enactment of the AEDPA; that the one-year limitation period began to run on April 24, 1996, in accordance with *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998); and that petitioner HOWARD filed his state habeas corpus petition in June 2003, in the Superior Court of Tattnall County challenging his February 26, 1987, Bibb County convictions, well after the deadline for filing a *federal* habeas corpus action. Petitioner HOWARD then waited until March 10, 2005, before filing the present federal habeas corpus action. Thus, he exceeded the one-year period of limitations and his federal petition is untimely filed.[1]

Accordingly, IT IS RECOMMENDED that respondent's MOTION TO DISMISS (Tab #16) be GRANTED because the petition was untimely filed. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served with a copy thereof.

The Clerk is directed to serve the petitioner at the **LAST ADDRESS** provided by him.

SO RECOMMENDED, this 3rd day of AUGUST, 2002.[2]



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Prior to the enactment of the AEDPA, petitioner filed several motions in the Superior Court of Bibb County. None of these motions tolled the limitations period as it did not begin to run until April 24, 1996. After that date, petitioner did file an appeal with the Georgia Court of Appeals on July, 26, 1996, which was dismissed on October 9, 1996. Even assuming this appeal tolled the grace period under the AEDPA, petitioner's federal habeas corpus petitioner was still filed well after the one-year limitations period.

[2] This Recommendation is intended to replace the Recommendation entered herein on July 26, 2005 which has been vacated.